# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JACK COLLINS, III, | Case No. 14-CV-2627 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LINDAHL PROPERTIES, | |
| Defendant. | |

Jack Collins, III, pro se.

This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Jack Collins, III, for leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a)(1). Because Collins's complaint fails to state a claim on which relief may be granted, this Court recommends that Collins's IFP application be denied and that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Collins does not provide much detail in his complaint, but it appears from the exhibit attached to his complaint that this case concerns a dispute over unpaid rent between Collins and his former landlord, Defendant Lindahl Properties.  In his complaint, Collins seeks to bring claims against Lindahl Properties under the Eighth Amendment and various state-law provisions.

This Court has jurisdiction over this case under 28 U.S.C. § 1331, as Collins brings claims under the Eighth Amendment through 42 U.S.C. § 1983.  But Lindahl Properties is a private party, not a governmental entity, and "[p]rivate parties are only liable under 42 U.S.C. § 1983 when they have been jointly engaged with public officers in the denial of civil rights." *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) (per curiam).  There is no allegation in the complaint or the exhibit attached to the complaint that Lindahl Properties acted in concert with any public officers in denying Collins's rights.  As such, Collins's Eighth Amendment claim against Lindahl Properties must fail.

Collins does not allege that this Court has jurisdiction over this case based on diversity of jurisdiction.  *See* 28 U.S.C. § 1332(a).  This is undoubtedly correct, as both Collins and Lindahl Properties appear to be citizens of Minnesota, and Collins seeks less than $75,000 in damages. *See* Compl. at 2, 4 [ECF No. 1].  Accordingly, this Court has jurisdiction over the remaining state-law claims only if it exercises supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.  The Eighth Circuit has made clear, however, that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state-law claims.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  This Court therefore recommends that supplemental jurisdiction not be exercised over the remaining state-law claims and that those claims be

dismissed without prejudice for lack of subject-matter jurisdiction.  Having determined that this action should be summarily dismissed for the reasons stated above, this Court will further recommend that Collins's application to proceed IFP be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The application of Plaintiff Jack Collins, III, to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

2. The complaint [ECF No. 1] be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: August  22 , 2014                           *s/ Tony N. Leung*
                                                   Tony N. Leung
                                                   United States Magistrate Judge


                                                   *Collins v. Lindhal Properties*
                                                   Case No. 14-CV-2627 (DSD/TNL)


Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 8, 2014**. A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.